In the Matter of Kenneth R. TEVIS, Margaret A. Tevis, Debtor.

**AVCO FINANICAL SERVICES, Plaintiff,**

v.

Kenneth R. TEVIS, Margaret A. Tevis, Defendants.

**Bankruptcy No. 3–80–03042.
Adv. No. 3–80–0716.**

United States Bankruptcy Court, S. D. Ohio, W. D.

May 19, 1981.

Christopher M. Hawk, Dayton, Ohio, for plaintiff.

Michael R. Eckhart, Dayton, Ohio, for bankrupts.

Paul Gilbert, Dayton, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for disposition of the plaintiff's complaint filed December 15, 1980. On February 4, 1981, the Court held a pretrial conference at which counsel for the above defendants failed to attend; consequently, the Court entered the proposed Pretrial Order offered by the plaintiff. This matter was tried on February 26, 1981. The following decision is based upon the above Pretrial Order, the evidence adduced at trial and the post-trial memoranda submitted by the parties.

The parties' claims are unclear at best, and the evidence adduced very inadequate. In its complaint, the plaintiff alleges the defendants, Kenneth R. Tevis and Margaret A. Tevis, incurred a "debt with AVCO Financial Services on the basis of a fraudulent credit application in which the amount of the personal assets and liabilities of the Debtors was grossly misstated." It also alleges the defendants "led AVCO Financial Services to believe that certain items of

household furnishings were worth in excess of $200.00 per item, and now the Debtors claim those items to be worth less than $200.00 per item." Based upon these allegations, the plaintiff asked the Court to determine its claim against the defendants as nondischargeable and to deny the defendants' intended avoidance of AVCO's lien. In the Pretrial Order herein, the plaintiff's language stated the claim to be, "That the Magnavox stereo valued at $2,000.00 on which AVCO has a lien is not exempt and therefore AVCO Financial should be permitted to take possession of this item and that the Debtors did not accurately list all of their indebtedness at the time of the application for loan from AVCO." Finally, in its post-trial memorandum, it appears the plaintiff is only challenging the amount claimed as an exemption for the stereo and is not challenging the exempt status of the stereo *per se*. (We note that the Court dismissed at bar the plaintiff's cause of action based upon a fraudulent credit application for failure to sustain the burden of proof.)

The defendants' position in this action is not any clearer than the plaintiff's. At one point, the defendants claimed that the subject stereo system is business equipment and is exempt as a tool of trade or profession. Contrasting this, they have argued in a post-trial memorandum that the item has been used primarily for household and personal use and thus should be exempt for that reason. No legal citations or precedents were cited to support either position.

Since the parties have stipulated that the defendants received a loan from the plaintiff and executed a security agreement covering the subject stereo system, we believe the only issue for determination is whether the defendants can exempt $2,000.00 of value in the stereo. We hold they may not exempt that amount.

Looking through the chameleon shift by Defendants in claims as to the character of the stereo, Kenneth R. Tevis positively testified that the stereo system was purchased for, and employed in his business. Hence, only he can claim an exemption as such, his

wife not being involved in the business. The other collateral is household goods and furniture apparently used as joint property in the home of both defendants.

Based upon the testimony of the defendant, Kenneth R. Tevis, we find that $2,000.00 is a reasonable value for the stereo system in controversy. We find that the stereo could be amendable to an exemption under § 2329.66(A)(5) as a tool of the debtor's, Kenneth R. Tevis's trade or profession as a radio announcer and disc jockey, to the extent of a $750.00 limit.

The law is clear as to the amount of value in the item which may be exempt under § 2329.66(A)(4)(b). The statute is clear that the limit for any one item of property is $200.00 for each debtor. The defendants can also choose to exempt from the household goods and furnishings, the "catch all" exemption available in § 2329.66(A)(17).

An examination of the defendants' Petition and Schedules in their Chapter 7 case shows that their claimed exemptions were not itemized. As a result of this adversary proceeding, we find that a detailed, itemized list of exempt property is necessary in order to clearly set forth for creditors that property which the debtors intend to exempt under Ohio Revised Code Section 2329.66(A). Because we believe the subject property could be exempt under either the category of household goods or of tools of the trade, and because both of these categories are included under 11 United States Code Section 522(f)(2), we find that the nonpurchase-money, nonpossessory security interest in the stereo held by AVCO Financial Services may be avoided to the extent that interest impairs the exemption debtors would otherwise enjoy under O.R.C. § 2329.66(A).

It is *ORDERED, ADJUDGED AND DECREED* that the subject stereo system may be exempt to the statutory limits under § 2329.66(A)(5);

*ORDERED, ADJUDGED AND DECREED* that the debtors shall submit an amended schedule of exempt property which shall itemize and clarify the property claimed exempt.

*ORDERED, ADJUDGED AND DE-CREED* that the plaintiff's AVCO Financial Services's, nonpossessory, nonpurchase-money security interest in the subject stereo is avoided to the extent it impairs the exemption to which the debtors are entitled pursuant to 11 U.S.C. § 522(f);

*ORDERED, ADJUDGED AND DE-CREED* that the plaintiff's claim against the defendants is dischargeable in bankruptcy.